COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
MASTER IN CHANCERY

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: July 14, 2014
Draft Report: June 30, 2014
Submitted: March 10, 2014

Lloyd Dixon
SBI #00122634
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Michele D. Allen, Esq.
Law Offices of Michele D. Allen, LLC
724 Yorklyn Road, Suite 310
Hockessin, DE 19707

> Re:    *Dixon v. Joyner*
>          C.A. No. 7452-ML
>          Register of Wills Folio No. 149218

Dear Mr. Dixon and Ms. Allen:

The petitioner, Lloyd Dixon III ("Dixon"), filed a Petition for Decree of

Distribution (the "Petition") under 12 *Del. C.* § 2331 alleging that the defendant, John

Douglas Joyner ("Joyner"), breached his duties as administrator of the estate of Letha D.

Copeland (the "Decedent"). Joyner maintains that he complied with his duties as

administrator of the Decedent's estate (the "Estate") and has responded to all of the issues

raised by Dixon. For the reasons that follow, I recommend that the Court enter an order

granting summary judgment in favor of Joyner.

## FACTUAL BACKGROUND[1]

On January 3, 2010, the Decedent died intestate in New Castle County, Delaware. The Decedent was survived by her son, Dixon, her daughter[2], Joan Akins ("Akins"), and her brother, Joyner. Dixon is serving a life sentence at James T. Vaughn Correctional Center in Smyrna, DE. The whereabouts of Akins currently are unknown.[3] The Decedent's husband, William Copeland, daughter, Sonja Terrell, and son Maurice Dixon predeceased her.[4]

On September 28, 2010, the Estate was opened and Joyner was appointed as its administrator.[5] On December 31, 2010, Joyner filed an inventory of the Estate with the Register of Wills.[6] On October 31, 2011, the Register of Wills issued a Rule to Show Cause directed to Joyner under Court of Chancery Rule 194 because the accounting Joyner filed was incomplete.[7] Dixon initially filed the Petition and an application (the "Application") to proceed *in forma pauperis* before Joyner filed a complete accounting. I dismissed the Petition without prejudice and denied the Application under 12 *Del. C.* § 2332(a) because the statute requires that an accounting be filed before a Petition for a Decree of Distribution may be filed.[8]

---

[1] Except as noted, the following facts are not in dispute.
[2] Def.'s Mot. for Summ. J. [hereinafter "Def.'s Mot."] Ex. 3.
[3] Pet. For Authority to Act as Personal Representative, *Dixon v. Joyner*, C.A. No. 7452-ML [hereinafter "Pet."].
[4] *See* Pet.
[5] Def.'s Resp. to Pet. Mem. in Opp'n to Def's Mot. for Summ. J. [hereinafter "Def.'s Resp."] Ex. 1.
[6] Def.'s Mot. Ex. 1 (Aff. of John Joyner at ¶ 5).
[7] Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. [hereinafter "Pl.'s Opp'n Mem."] Ex. 2.
[8] Letter from Court to Lloyd Dixon III & John Douglas Joyner (Nov. 8, 2011).

On November 23, 2011, Joyner filed a complete accounting (the "Accounting") pursuant to 12 *Del. C.* § 2301(a).[9] According to the Accounting, the Estate consisted of personal property valued at $7,000. After closing costs, debts, and funeral expenses were deducted from the assets, the Estate had a balance of $1,693.24. The Decedent also owned real property at 5 Leafy Lane, Newark, DE 19702 (the "Property") valued at $175,000, according to Joyner's inventory, at the time of the Decedent's death.[10] Joyner managed the Estate's account from October 18, 2010 to December 4, 2011.[11] On December 1, 2011, Joyner closed the Estate.[12]

On December 19, 2011, Dixon filed an insufficient "Notice regarding Personal Representative's Commissions and Fees: [sic] And Beneficiary's Exceptions Thereto" with the Register of Wills.[13] I informed Dixon that he must file exceptions to the Accounting according to Court of Chancery Rule 197, along with a Petition in compliance with 12 *Del. C.* § 2332, before the Court could schedule a hearing on the exceptions and Petition.[14] On March 26, 2012, Dixon filed an amended list of specific exceptions explaining the grounds for each exception.[15] In essence, Dixon alleges that Joyner has failed to (1) file an inventory of the assets within 90 days after the estate was opened, including any or all jointly held property; (2) pay over $6,000 in taxes, fees, and

---

[9] Def.'s Mot. Ex. 2.
[10] Def.'s Resp. Ex. 4.
[11] Def.'s Mot. Ex. 2.
[12] Pl.'s Opp'n Mem. Ex. 4.
[13] Notice Regarding Personal Representative's Commissions and Fees: And Beneficiary's Exception Thereto, *Dixon v. Joyner*, C.A. No. 7452-ML.
[14] Letter from Court to Lloyd Dixon III (Mar. 14, 2012).
[15] Amended List of Specific Exceptions and Grounds for Each Exception as to Court of Chancery Rule 197 (a)(3), *Dixon v. Joyner*, C.A. No. 7452-ML.

bills; (3) pass the title to real property to the Decedent's heirs immediately upon her death; (4) sell the real property to raise sufficient funds to pay the Estate's debts, expenses, and taxes; (5) provide any life insurance proceeds that might have become an estate asset; (6) apprise the beneficiary of any trust established by the Decedent; (7) correctly represent that Akins was Dixon's niece and not his sister; and (8) produce the documents that the Property was in foreclosure which led to injury to the probate estate.

On April 20, 2013, I granted Dixon leave to proceed *in forma pauperis*.[16] On April 23, 2013, Dixon filed the Petition as a pro se litigant.[17] In addition to Dixon's claims in his exceptions to the Accounting, Dixon alleges that Joyner has failed to (1) make final distribution to the Decedent's heirs eight months after her death; (2) carry out the process provided by law for transferring the Decedent's property to her heirs; and (3) meet his responsibilities as administrator because Dixon continues to receive notices from bill collectors. Dixon further alleges that Joyner intentionally failed to disclose the Decedent's other assets, including furniture, appliances, two automobiles, personal bank accounts, and seven other properties. Finally, Dixon alleges that Joyner made no arrangements to liquidate the real estate and attempted to get Dixon to sign a waiver before closing the Estate. In his answer to the Petition, Joyner denies all of Dixon's allegations.[18]

---

[16] Order Granting Application and Affidavit to Proceed In Forma Pauperis, *Dixon v. Joyner*, C.A. No. 7452-ML.
[17] *See* Pet.
[18] *See* Def.'s Answer to Pl.'s Pet. For Decree of Distribution.

The Property was in foreclosure when Joyner became administrator of Decedent's Estate.[19] As of April 23, 2013, active foreclosure proceedings were pending, the mortgage was 49 months overdue, and a payment of $66,439.24, plus foreclosure costs and fees, was required to reinstate the mortgage.[20] As of May 31, 2013, the remaining balance of the Estate was $10.79.[21] On January 31, 2014, Joyner moved for summary judgment.[22] Joyner states there are no disputes of material fact and Dixon has not brought forth evidence to substantiate any of his claims. Joyner further states that Dixon is not the sole beneficiary to the Decedent's estate.[23] Dixon filed a memorandum in opposition to Joyner's motion for summary judgment. The scheduling order entered by the Court specifically provided for discovery, and Dixon propounded discovery in connection with that schedule.[24]

## ANALYSIS

Summary judgment should be awarded if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] When considering a motion for summary judgment, the evidence and the inferences drawn from the evidence are to be viewed in light most favorable to

---

[19] Def.'s Resp. Ex. 5.

[20] *Id.*

[21] Letter from Michele D. Allen, Esq., to Abigail M. LeGrow, Master in Chancery (July 15, 2013) Ex. 1.

[22] *See* Def.'s Mot.

[23] Id. at ¶ 10.

[24] Case Scheduling Order, *Dixon v. Joyner*, C.A. No. 7452-ML.

[25] *Twin Bridges Ltd. P'ship v. Draper*, 2007 WL 2744609, at *8 (Del. Ch. Sept. 14, 2007) (citing Ct. Ch. R. 56(c)).

the non-moving party.[26]  A party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists.[27]  If the movant makes such a showing, the burden then shifts to the non-moving party to submit sufficient evidence to show that a genuine factual issue, material to the outcome of the case, precludes judgment before trial.[28]  The non-moving party must do more than simply assert the existence of a disputed factual issue.[29]  Rather, the non-moving party must bring forth specific evidence required by governing law from which a rational trier of fact could infer that the non-moving party has proven the elements of a prima facie case against the movant.[30]

Joyner seeks summary judgment on all of the claims in Dixon's Petition and his exceptions to the Accounting.[31]  Joyner contends that there are no disputed issues of material fact.  Joyner has supported his contention with affidavits, official records, and bank statements.  The burden therefore shifts to Dixon to submit adequate evidence to show that genuine issues of fact exist.  Although Dixon has responded to Joyner's motion for summary judgment, Dixon has neither put forth his own evidence demonstrating the

---

[26] *Judah v. Del. Trust Co.*, 378 A.2d 624, 632 (Del. 1977).

[27] *Johnson v. Shapiro*, 2002 WL 31438477, at *3 (Del. Ch. Oct. 18, 2002).

[28] *Id.*; *Conway v. Astoria Fin. Corp.*, 837 A.2d 30, 36 (Del. Ch. 2003).

[29] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[30] *See Cerebrus Intern., Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1149 (Del. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

[31] Pl.'s Opp'n Mem.

existence of genuine issues of material fact, nor shown that he was unable to take the discovery necessary to carry that burden.[32]

Dixon first alleges that the Decedent died with a will. Dixon does not provide any evidence to support this allegation, other than his bare allegations, which are not sufficient to survive a motion for summary judgment.[33] The application Joyner filed to be appointed administrator states that Decedent died intestate. Dixon has not offered any evidence to the contrary.

Dixon next contends that Joyner failed in his statutory duties as administrator by filing an allegedly incomplete inventory and by failing to render an account of his administration as required by 12 *Del. C.* §2301(a). Joyner was required to file an inventory by December 28, 2010 and an accounting by September 28, 2011. Dixon points to no evidence to support his contention that Joyner filed an incomplete inventory. More specifically, Dixon fails to provide any information, or any evidence of, the seven real estate properties that Dixon contends the Decedent owned before her death. Although the Court cannot, on a motion for summary judgment, weigh or resolve conflicts between the evidence presented, a party opposing summary judgment must adduce some evidence in support of its position. This Dixon has not done. Similarly, as to his claim regarding the estate accounting, Dixon has provided no evidence that the accounting Joyner filed on November 23, 2011 – while late – was incomplete. Dixon

---

[32] Ct. Ch. R. 56(f).
[33] *See Brozka,* 668 A.2d at 1364.

also has not shown how he was harmed by the two month delay in the filing of the complete accounting.

Dixon further argues that Joyner failed to notify Dixon of the Accounting. An administrator must include the names and mailing addresses of each heir or beneficiary entitled to share in the distribution of the estate in every account the administrator files.[34] As the Decedent's son, Dixon is the Decedent's heir under Delaware intestate succession laws.[35] After an administrator files an accounting, the Register of Wills mails notice to the heirs or beneficiaries designated by the administrator.[36] When Dixon indicated he had not received the Accounting in December 2011, another copy was mailed to him, from which Dixon prepared his exceptions.[37] Again, even if Dixon did not initially receive notice of the Accounting, he cannot demonstrate any harm arising from that contention, as it is not disputed that he later received a copy of the Accounting.

Dixon contends that Joyner failed to make a final distribution to the Decedent's heirs within eight months of her death. An administrator must settle an estate by distributing any remaining assets within one year from when the estate opens, unless circumstances require a longer period of time.[38] An administrator is not required to make distributions to the beneficiaries before the estate is settled.[39] Joyner became the administrator of Decedent's estate nearly eight months after her death. At that time,

---

[34] 12 *Del. C.* § 2302(a).
[35] 12 *Del. C.* § 503(1).
[36] 12 *Del. C.* § 2302(b).
[37] Letter from Court to Lloyd Dixon III (Mar. 14, 2012).
[38] 12 *Del. C.* § 2311.
[39] *Id.*

Joyner was responsible for compiling the inventory of Decedent's estate, managing the Decedent's assets, and paying the Decedent's debts. When Joyner became administrator, the Decedent's Property was in foreclosure and the Estate had minimal liquid assets.[40] Those liquid assets were used to satisfy various Estate debts. Joyner was not obligated to make any distribution until the Estate was settled, and it was within his discretion to refrain from making final distributions while the present dispute was pending.

Dixon also argues that Joyner failed to pass title and deed to the Property to the heirs immediately upon the Decedent's death. Dixon further contends that Joyner has failed to sell the Property to raise sufficient funds to pay the Estate's debts. No action was required on Joyner's part to pass title of the Property to the heirs, because title to real property passes by operation of law upon an owner's death.[41] Heirs or beneficiaries may be divested of title to property if it must be sold to settle a decedent's debts.[42] Joyner responds that the Property could not have been transferred or sold before completion of the final accounting due to pending, active foreclosure proceedings.[43] Accordingly, no action was required or available to allow Joyner to pass title to the Property, and Joyner could not sell the Property during the administration of the Estate because of the active foreclosure proceedings. Finally, Dixon points to several bills he received associated with the Property. All the bills are for taxes or expenses incurred on the Property after the Decedent's death, and therefore arguably are not debts of the Estate, because the

---

[40] Letter from Michele D. Allen, Esq., to Abigail M. LeGrow, Master in Chancery (July 15, 2013) Ex. 1.

[41] *In Matter of Estate of Morrell*, 1995 WL 783075, at *4 (Del. Ch. Dec. 26, 1995).

[42] *Id.* (citing *In re Harris' Estate*, Del. Orph., 44 A.2d 18, 19 (1945)).

[43] Def.'s Resp. at ¶ 9.

Estate has not (and cannot) sell the Property. In any event, Dixon also has not shown that there were sufficient assets available to pay those debts, even if they properly were treated as debts of the Estate.

Dixon advances several other meritless claims that I briefly will address here. Dixon contends that Joyner failed to transfer to Dixon a death benefit purportedly owed to Decedent either from her husband, daughter, or mother. As Dixon does not provide any evidence of this death benefit, this claim lacks merit. Dixon argues that Joyner failed to notify Dixon regarding the estate of Decedent's husband, William Copeland. Nothing in the record suggests that Joyner was the administrator of the Decedent's husband's estate, and Joyner therefore did not have any duty to inform Dixon of the Decedent's husband's estate. Dixon disputes whether the Estate is closed. According to the Register of Wills, Joyner closed the Decedent's estate on December 1, 2011.[44] There is no dispute of fact as to whether the Decedent's estate has been closed.

Dixon also contends that Joyner opened a different bank account other than the account listed on the inventory and Accounting. Again, Dixon does not provide evidence, or anything other than mere allegations, establishing the existence of additional bank accounts. Dixon's claim cannot prevail. Finally, Dixon makes a blanket statement that Joyner failed to produce documentation including a (1) certified inventory, (2) all paid taxes and fees to account number 1101720095 5 Leafy Lane Newark, DE 19702, (3) documentation regarding real property, namely the title and deed to the Property, (4)

---

[44] Pl.'s Opp'n Mem. Ex. 4.

certified documentation of personal property jointly or solely owned by Decedent, and (5) certified documentation of foreclosure. Joyner states that he has provided to Dixon all of the documentation to Joyner's custody and possession.[45] There is no obligation for Joyner affirmatively to seek out additional documentation beyond that necessary to comply with his duties as administrator. Joyner has received the Accounting.[46] This document includes a check register that delineates all of the taxes and fees that Joyner paid when the Estate was open. There has been no showing that Joyner has possession of the title or deed to the Property. Dixon has not provided any tangible evidence of the personal property he alleges the Decedent owned either personally or jointly. Therefore, there is no dispute that Joyner produced all the documentation available to him in his capacity as administrator of the Decedent's estate.

In sum, Dixon cannot meet his burden of establishing the existence of genuine issues of material fact and therefore cannot defeat Joyner's motion for summary judgment. No evidentiary hearing is required, and Joyner is entitled to entry of judgment in his favor.

---

[45] Def.'s Mot. Ex. 1 (Aff. of John Joyner at ¶ 4).
[46] Def.'s Mot. Ex. 2.

## **CONCLUSION**

For the foregoing reasons, I recommend that the Court grant summary judgment in favor of Joyner. This is my final report and exceptions may be taken in accordance with Court of Chancery Rule 144.

Respectfully submitted,

/s/ *Abigail M. LeGrow*
Master in Chancery